IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Arnulfo Valdivia, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 19 CV 50336 |
| v. ) | |
| ) | Magistrate Judge Lisa A. Jensen |
| Menard Inc., ) | |
| ) | |
| *Defendant*. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Arnulfo Valdivia filed this personal injury action alleging that Defendant Menard Inc.'s negligence caused him to fall and injure his shoulder and knee. Before the Court is Defendant's motion to compel Plaintiff's in-person deposition. Dkt. 37. Plaintiff filed a response objecting to the request based on the health risks posed by COVID-19 and asking that his deposition proceed by remote video conference. Dkt. 41. This Court heard oral arguments from both parties at the motion hearing on July 24, 2020. For the following reasons, Defendant's motion to compel is denied.

**ANALYSIS**

Federal Rule of Civil Procedure 30(b)(4) authorizes this Court in its discretion to order that a deposition "be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4). "Courts have long held that leave to take remote depositions pursuant to Rule 30(b)(4) should be granted liberally." *In re Broiler Chicken Antitrust Litig.*, No. 1:16-CV-08637, 2020 WL 3469166, at *7 (N.D. Ill. June 25, 2020). Rule 30(b)(4) leaves it to this Court's broad discretion over discovery to determine whether there is a legitimate reason to take a deposition by remote means under all the facts and circumstances of a given case. *Id.* "The decision whether to allow a remote deposition essentially involves a careful weighing of the reasons put forth by the proponent of the remote deposition and the claims of prejudice and hardship advanced by the party opposing the deposition." *Id.* (citing *Learning Resources, Inc. v. Playgo Toys Enterprises Ltd.*, No. 19-CV-00660, 2020 WL 3250723, at *3-4 (N.D. Ill. June 16, 2020)).

Here, Plaintiff asks that his deposition proceed by remote video conference because of the health risks associated with appearing in person in light of COVID-19. Plaintiff argues that a

1

remote deposition is the only way to protect the health and safety of those participating in the deposition. "To protect Court personnel, the bar, and the public against the severe risks posed by COVID-19, federal courts around the country -- including in this District [ ] have authorized video teleconferencing for both criminal and civil proceedings and courts continue to advise caution when proceeding with litigation." *Sonrai Sys., LLC v. Romano*, No. 16 CV 3371, 2020 WL 3960441, at *2 (N.D. Ill. July 13, 2020) (citing Northern District of Illinois Fifth Amended General Order 20-0012 – In Re: Coronavirus COVID-19 Public Emergency). Additionally, courts in this district and others have found that the health concerns created by the COVID-19 pandemic are a legitimate reason to take a deposition by remote means. *See id.* at *3 (collecting cases). These health concerns are bolstered by the fact that Plaintiff's counsel is at a higher risk for severe illness from COVID-19 due to existing health issues. Defense counsel has similarly identified members of his household that are at a higher risk for severe illness. For these reasons, the Court finds that preventing the transmission of COVID-19 and ensuring the health and safety of Plaintiff and those attending the deposition is a legitimate reason to conduct Plaintiff's deposition by remote video conference.

Now that this Court has found a legitimate reason to conduct Plaintiff's deposition remotely, the burden shifts to Defendant to show how it would be prejudiced if the deposition were to proceed by remote video conference. *See In re Broiler Chicken Antitrust Litig.*, 2020 WL 3469166, at *7. Defendant asserts that Plaintiff's deposition is critical, and despite the health risks, maintains that an in-person deposition of Plaintiff is necessary to ensure fewer misunderstandings and miscommunications, provide the ability to read non-verbal cues, and avoid technical difficulties associated with proceeding remotely. Defendant's main concern stems from Plaintiff's need for an interpreter. Defendant asserts that an interpreter must be present with the participants to ensure fewer misunderstandings and to benefit from reading non-verbal cues. However, at the hearing defense had not contacted an interpreter or provided any other evidence that proceeding in person is the only way to ensure accurate interpretive services. By contrast, Plaintiff's counsel asserted that he has successfully used interpreters for remote depositions in the past. *See also Learning Res., Inc.*, 2020 WL 3250723, at *3 ("[R]emote depositions are a presumptively valid means of discovery even without the in-person interaction [ ], and many courts have held that remote videoconference depositions offer the deposing party a sufficient opportunity to evaluate a deponent's nonverbal responses, demeanor, and overall credibility.") (collecting cases) (internal quotations and citations omitted).

Furthermore, Defendant agreed that an in-person deposition would proceed with all participants wearing face masks. This could easily impede an interpreter's ability to hear what was said and read non-verbal cues such as facial expressions. *See Sonrai Sys., LLC*, 2020 WL 3960441, at *4 ("[T]he witnesses would certainly still be permitted -- if not encouraged -- to wear masks, which would eliminate many of the advantages of observing [them] at an in-person deposition."). Face masks would not be necessary if the deposition proceeded by video conference. This would

allow both the interpreter and other participants to observe Plaintiff's full face. *Id.* (citing *Shockey v. Huhtamaki, Inc.*, 280 F.R.D. 598, 602 (D. Kan. 2012) ("Taking the depositions via videoconferencing [ ] addresses Defendant's objection that the deponent's nonverbal responses and demeanor cannot be observed.")).

Defendant also makes a general argument about possible technical difficulties relating to each participant proceeding remotely. However, Defendant offers no specific concerns for the participants attending Plaintiff's deposition. *See In re Broiler Chicken Antitrust Litig.*, 2020 WL 3469166, at *4 ("Technological problems can arise during in-person as well as remote depositions, but that is not a reason to prevent remote depositions from occurring."). Defense counsel gave no indication he was unable to proceed remotely, and Plaintiff's counsel described an electronic witness center available at his office that would ensure Plaintiff, or any other participant, could participate remotely. Additionally, this Court has been proceeding with remote hearings by video and telephone during the pandemic and has observed both interpreters and court reporters that are capable of proceeding effectively through remote means.[1] Under the circumstances of this case, Defendant has failed to show any prejudice or other evidence of a need to proceed with Plaintiff's in-person deposition that outweigh the health risks created by the ongoing COVID-19 pandemic.

Additionally, this Court rejects Defendant's suggestion that the decision on how to proceed with Plaintiff's deposition could wait six months. There is no evidence that the risks relating to COVID-19 will somehow be more manageable or nonexistent in six months to allow for Plaintiff's in-person deposition. *See In re Broiler Chicken Antitrust Litig.*, 2020 WL 3469166, at *8 ("Recent statements by public health officials about the staying power of COVID-19 also belie Defendants' speculation that things may be so different in the Fall as to render remote depositions in this or any other case unnecessary, or at least less likely."). Accordingly, Defendant's motion to compel Plaintiff's in-person deposition is denied. Plaintiff's deposition shall be taken by remote video conference.

Date: July 28, 2020        By:  *Lisa A. G_____*
                                Lisa A. Jensen
                                United States Magistrate Judge

---

[1] Should a problem develop with the use of an interpreter by remote means during the deposition, the parties should attempt to meet and confer to resolve the issue. If the parties are unable to resolve the issue on their own, they should bring it to this Court's attention.