**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| Arnulfo Valdivia, | |
|         Plaintiff, | |
|     v. | Case No. 3:19-cv-50336 |
| Menard, Inc., | Honorable Iain D. Johnston |
|         Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Arnulfo Valdivia sues Defendant Menard, Inc. on a theory of premises liability for injuries that occurred when he slipped and fell down stairs at the Menard, Inc. store in Sterling, Illinois. Defendant now moves this Court to enter summary judgment in its favor. For the reasons below, the Court grants that motion.

## I.    Background

On October 25, 2017, Plaintiff Arnulfo Valdivia ("Valdivia") visited Menard's in Sterling, Illinois, to purchase a piece of wood.[1] This required that he walk up metal stairs to a section of the store where varying sizes of wood are stored. Once he had selected the appropriate piece of wood, he walked down the same stairs. About half way down, his shoe got stuck and he fell.

---

[1] The facts are taken from the parties' Rule 56.1 statements of undisputed facts. Dkts. 50, 57, 58, 60.

The stairs are metal, both sides of the stairs are equipped with double hand railings for safety, and the steps are made from high-traction metal grating that is designed to prevent slips; even when wet. Menard does not display any sign near the stairs warning of their danger, except for a sign prohibiting children from the area. Other than Valdivia, no one has ever slipped and fell on these stairs. That same style of stairs is the typical design for Menard stores (at least at the several stores that the deposed managers had worked at). And neither of the deposed Menard's employees could recall anyone ever falling on that style of stairs.

The stairs were in their normal condition. They were not damaged or wet, or otherwise defective. Valdivia notes that he was carrying a piece of wood when he fell, was looking forward at the stairs, and was not distracted.[2] After he fell, Valdivia informed the responsible manager, who then offered to contact emergency medical services. He declined and left the store on his own.

## II.  Analysis

On summary judgment, the movant has the burden of showing that "no genuine dispute as to any material fact" exists and that they are "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that

---

[2] On a review of the depositions themselves, the Court notes that the one contested fact is the size of the wood Valdivia was carrying. He contends that it was about two to three feet long. Menard contends that it only sells longer pieces of wood in that location, so Valdivia must be mistaken. This dispute is not material. No doubt, carrying a larger piece of wood down the stairs may lead to enhanced distraction and safety concerns. But Menard's contention that the wood must have been longer only hurts it and helps Valdivia. The safety concerns would increase with carrying larger pieces of wood downstairs. Thus, accepting as true Plaintiffs version of the facts only further supports the Court's decision because he would be less distracted.

might affect the outcome of the suit. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). No "genuine" dispute exists if a court would be required to grant a Rule 50 motion at trial. *Id.* at 250–51. The Court must construe the "evidence and all reasonable inferences in favor of the party against whom the motion under consideration is made." *Rickher v. Home Depot, Inc.*, 535 F.3d 661, 664 (7th Cir. 2008). "Summary judgment is only warranted if, after doing so, [the court] determine[s] that no jury could reasonably find in the nonmoving party's favor." *Blasius v. Angel Auto, Inc.*, 839 F.3d 639, 644 (7th Cir. 2016).

Under a premises liability negligence theory, a plaintiff must prove six elements:

> (1) the existence of a condition that presents an unreasonable risk of harm; (2) that the defendants knew, or should have known, that the condition posed an unreasonable risk of harm; (3) that the defendants should have anticipated that individuals on the premises would fail to discover or recognize the danger or otherwise fail to protect themselves against it; (4) a negligent act or omission on the part of the defendant; (5) an injury suffered by the plaintiff; and (6) that the condition of the property was a proximate cause of the injury to the plaintiff.

*Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017). These are elements, not factors. To succeed, Valdivia would have to prove all of them at trial. Therefore, to succeed on a motion for summary judgment, Menard need only show that Valdivia cannot prevail on any one of the elements. Under the undisputed facts of this case, the Court must grant Menard's motion for summary judgment because no reasonable jury could conclude that the stairs presented an unreasonable risk of harm.

Menard argues that the stairs were designed to increase safety. Indeed, the stairs have safety features, including two sets of handrails on both sides, for a total of four hand railings. *See* Appendix A (photograph of stairs). Critical to this case, the stairs are grated. *Id.* The gratings increase traction, which helps prevent the stairs from becoming slippery when wet.

Valdivia does not take issue with Menard's argument that the stairs were designed to increase safety. Instead, Valdivia chose to fight on different footing. Valdivia notes that the stairs' "raised metal grooves" or "safety tread," though intended to increase safety, itself created an unreasonable risk of harm. Dkt. 56, at 4-5.[3] Under Valdivia's theory, he caught his foot on these raised metal grooves, which caused him to fall. In a way, Valdivia argues that the safety feature, intended to prevent slips, worked too well: The stairs gripped too much. *Id.* Menard scoffs at this argument as being contradictory. Dkt. 59, at 3.

But the argument in the abstract is not so outlandish. Theoretically, a safety feature might work so well that it created a different unreasonable risk of harm. The issue before the Court, however, is not abstract or theoretical. Undisputed facts exist showing that Valdivia cannot establish that these stairs presented an unreasonable risk of harm in these circumstances.

Stairs being stairs have an inherent risk of harm by their use. *Alcorn v. Stepzinski*, 540 N.E.2d 823, 826 (Ill. App. Ct. 1989). But that alone is insufficient for

---

[3] Valdivia often refers to this safety feature as "spikes." Dkt. 56, at 4-5. That's a misnomer. These are not spikes. *Spike*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/spike.

4

possible liability; otherwise, every landowner would be an absolute insurer for all injuries occurring on its stairs. *Id.* "[T]he standard is an *unreasonable risk* of harm." *Id.* (emphasis in original). Certain conditions might present an unreasonable risk of harm, such as improper or inadequate lighting, the existence of a foreign substance on the stairs, or if the stairs were slippery. *Id.*

None of those conditions exist in this case. There is no claim about the lighting, nor was there any foreign substance on the stairs. And, certainly, the stairs were *not* slippery; on the contrary, under Valdivia's theory, the stairs were not slippery enough. There was no give. The traction caused by the grating was too good.

But this argument has no traction in this case and under these facts. The metal grating was not masked or obscured. Indeed, the grating was open and obvious. *Id.* Valdivia seems to recognize the safety tread traction argument requires the user to be unaware of its presence. Dkt. 56, at 4-5. In this case, the nature of the stairs—specifically, its grating—was clearly visible. There was nothing hidden or unexpected about the grating. Indeed, Valdivia had traversed these types of stairs before in multiple locations, so the grating was not a surprise. This style of stairs exists at multiple Menard locations and there is no evidence that anybody else fell at all, let alone because the traction provided by the grating was too great.

Thus, because the undisputed facts show that the stairs do not present an unreasonable risk of harm, Valdivia cannot succeed on his premises liability claim and Menard is entitled judgment as a matter of law.

### III.  Conclusion

For the reasons stated above, the Court grants Menard's motion to for summary judgment [48]. Judgment is entered in favor of Menard. Civil case terminated.

Date:  April 12, 2021

_____
Honorable Iain D. Johnston
United States District Judge
Northern District of Illinois
Western Division

## APPENDIX A

